

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00438-CR

| | | |
|---|---|---|
| Devin Marquette Lynch | § | From the 371st District Court |
| | § | of Tarrant County (0785798D) |
| v. | § | February 28, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Ann Dauphinot



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00438-CR

---

DEVIN MARQUETTE LYNCH                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Devin Marquette Lynch appeals from the trial court's revocation of his community supervision for felony driving while intoxicated (DWI).[2]  In his sole issue, he contends that the trial court abused its discretion by imposing a sentence, seven years' confinement, that was grossly disproportionate to his community supervision violations.  Because Appellant pled true to two violations,

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2012).

his sentence was within the legislatively created range of confinement, two to ten years,[3] for his offense, and there is no evidence that the sentence is grossly disproportionate to the offense, we hold that the trial court did not abuse its discretion by sentencing Appellant to seven years' confinement. We affirm the trial court's judgment.

On November 28, 2001, Appellant pled guilty to the third-degree felony offense of DWI. He was convicted and sentenced to ten years' confinement and ordered to pay a fine of $1,250. Imposition of the confinement portion of his sentence was suspended, he was placed on community supervision for ten years, and, as a condition of his community supervision, he was confined in the Tarrant County Jail for a period of 120 days, which was to be served through labor detail. Almost ten years later, on August 5, 2011, the State filed a petition to revoke Appellant's community supervision, alleging that he had operated a motor vehicle without having a valid Texas driver's license and that he had driven a vehicle without an end ignition interlock device on or about July 19, 2011. Appellant pled true to the allegations contained in the State's petition, and after a hearing on punishment, the trial court sentenced him to seven years' confinement and gave him credit for the time he had served previously. Appellant filed a motion for new trial raising the issue of disproportionality of the sentence in relation to the violations (as opposed to the offense for which he was

---

[3]*See id.* § 12.34(a) (West 2011).

sentenced),[4] and the trial court denied Appellant's motion for new trial in a written order.

We review an order revoking community supervision under an abuse of discretion standard.[5] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.[6] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.[7] If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision.[8]

Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a

---

[4]See *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.) (explaining that a grossly disproportionate sentence relative to the convicted offense violates the Eighth Amendment), *cert. denied*, 506 U.S. 849 (1992).

[5]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

[6]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[7]*Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

[8]*Cardona*, 665 S.W.2d at 493–94.

revocation order.[9]   A plea of true, standing alone, is sufficient to support the revocation of community supervision.[10]

In his motion for new trial, Appellant concedes that the trial court acted within its discretion in sentencing him and further appears to concede that any sentence within the statutory range of punishment lies within the trial court's discretion.  Specifically, he states,

> The Court could have exercised its discretion and imposed a sentence that was more consistent with the fair and equal administration of justice.  Society gains no benefit in incarcerating a Defendant that has been sober for many years because he drove a vehicle that did not have an installed guardian interlock device.

Appellant offered no evidence of disproportionality, either at the hearing on the State's motion to revoke or in his motion for new trial.  He does not complain that he was denied the opportunity to offer such evidence when the trial court overruled his motion without a hearing.  His argument appears to be that it is simply unfair to sentence a person to seven years' incarceration when he has stopped drinking and when he has come within months of completing a ten-year term of community supervision.

Because Appellant pled true to the State's allegations, the sentence was within the statutory range of punishment, and Appellant has offered no evidence of disproportionality, we hold that the trial court did not abuse its discretion by

---

[9]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

[10]*Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

imposing the seven-year sentence on Appellant.  We overrule his sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 28, 2013